IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hussam Khaled Abu Alata Mahod,<br><br>    Petitioner,<br><br>vs.<br><br>Phillip Crawford and Thomas Long, et al.,<br><br>    Respondents. | No. CV 05-0754-PHX-MHM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

On March 10, 2005, Petitioner Hussam Khaled Abu Alata Mahod filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials were holding him in detention pending his removal from the United States to Jordan, but that his removal could not be effected.  Petitioner seeks an immediate release from custody on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future.  See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Marquez v. INS, 346 F.3d 892, 898-99 (9th Cir. 2003) (the post-IIRIRA presumptive six-month limit on the detention of admitted aliens ordered deported, and inadmissible aliens ordered removed, also applies to aliens ordered excluded under pre-IIRIRA law).

1  On July 26, 2005, Respondents filed a Response in Opposition to Petition for Writ of
2 Habeas Corpus (Doc. #10). They argue in their response that <u>Zadvydas</u> does not apply here
3 because travel papers have been issued and Petitioner will soon be removed. The next day,
4 on July 27, 2005, Respondents filed a Notice of Intent to Remove (Doc. #11) in which they
5 informed the court of their intent to remove Petitioner to Jordan on August 2, 2005. When,
6 after several months, Respondents did not provide evidence to the court that Petitioner was
7 actually removed, the court ordered them to submit such evidence or otherwise inform the
8 court of Petitioner's status. On February 17, 2006, Respondents filed a Notice of Filing of
9 Executed Warrant of Removal (Doc. #15) to which they attach a Warrant of
10 Removal/Deportation showing Petitioner was removed on August 2, 2005. Respondent's
11 evidence demonstrates that Petitioner has been deported and is no longer in custody. As a
12 result, the issue of indefinite detention no longer exists and this action is moot. The court
13 will therefore recommend that the Petition for Writ of Habeas Corpus be denied.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ. P. 72.

DATED this 27th day of February, 2006.

Edward C. Voss
United States Magistrate Judge