IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hussam Khaled Abu Alata Mahod, ) | No. CV 05-0754-PHX MHM |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Philip Crawford and Thomas Long, et al., ) | |
| Respondents. ) | |

    Petitioner Hussam Khaled Abu Alata Mahod filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Dkt. #1). The matter was referred to Magistrate Judge Edward C. Voss for Report and Recommendation. Following Respondents' Answer, Magistrate Judge Voss filed his Report and Recommendation with this Court (Dkt. #16). Petitioner failed to file any objections.

**STANDARD OF REVIEW**

    The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## DISCUSSION

Petitioner is a native of Syria and a citizen of Jordan, who was admitted as a non-immigrant visitor on February 20, 1992. On February 3, 2004, Petitioner admitted allegations that he failed to maintain the nonimmigrant status in which he was admitted and conceded the charge of removability. The Immigration Judge sustained the charge of removability and petitioner sought relief of asylum. The Immigration judge found that the Petitioner did not meet his burden and denied all forms of relief and ordered him removed.

Petitioner alleges that immigration officials were holding him in detention pending his removal from the United States to Jordan, but that his removal could not be effected. Petitioner seeks an immediate release from custody because there is no prospect that he will be removed in the reasonably foreseeable future.

Petitioner asserts that when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months. Zadvydas v. Davis, 533 U.S. 678 (2001). On July 26, 2005, Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus (Doc. #10). Respondents argue that Zadvydas does not apply here because travel papers had been issued and Petitioner will soon be removed. The next day the Respondents filed a Notice of Intent to Remove (Doc #11) in which they informed the court of their intent to remove the Petitioner to Jordan on August 2, 2005.

When after several months the Respondents had not informed the court of the removal of the Petitioner, the Court ordered the Respondents to provide evidence of the Petitioner's removal or inform the court of the Petitioner's status. (Dkt.#14). On February 17, 2006, Respondents filed a Notice of Filing of Executed Warrant of Removal (Doc. #15) to which they attached a Warrant of Removal/Deportation showing Petitioner was removed on August 2, 2005. Petitioner's removal has rendered moot the issue presented in this matter.

1  Having reviewed the Report and Recommendation of Magistrate Judge Voss, the
2  Court concludes that Petitioner's Writ for Habeas Corpus should be denied. The Court hereby
3  incorporates and adopts the Magistrate Judge's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of Magistrate Judge Voss. (Dkt. #16).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) is denied.

DATED this 7th day of June, 2006.

_____
Mary H. Murgula
United States District Judge